# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY FOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1288** |
| **M. GUSMAN, ET AL.** | **SECTION "F" (1)** |

## REPORT AND RECOMMENDATION

In December of 2013, plaintiff, Gregory Foe, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman and other unidentified individuals. In this lawsuit, plaintiff challenged the conditions of his confinement within the Orleans Parish Prison system. When he filed the complaint, he neither paid the required $400.00 filing fee nor submitted an application to proceed *in forma pauperis*.

On December 12, 2013, the Clerk of Court notified plaintiff that he must either pay the required $400.00 filing fee or submit a completed pauper application.[1] That notice was sent to plaintiff at the Orleans Parish Prison, the address where he indicated he was confined at the time this lawsuit was filed.[2] That notice was not returned by the postal service as undeliverable, and yet plaintiff failed to comply with that notice.

On June 3, 2014, the Clerk of Court then issued a "Notice of Deficient Filing," again advising plaintiff that he must either pay the required filing fee or submit a pauper application, this

---

[1] Rec. Doc. 6.

[2] See Rec. Doc. 1, p. 2.

time giving him twenty-one days to comply.[3] That notice, which was also sent to plaintiff at the Orleans Parish Prison, was returned by the postal service as undeliverable because he was no longer incarcerated at that facility.[4]

After that notice was returned, the Clerk of Court made an effort to locate plaintiff and somehow obtained the following address for him: 2502 Alvar Street, New Orleans, Louisiana 70117.[5] Another a "Notice of Deficient Filing" was then sent to plaintiff at that address;[6] however, that notice was likewise returned to the Court as undeliverable.[7]

On August 13, 2014, the undersigned United States Magistrate Judge issued an order directing plaintiff to pay the filing fee or to submit a completed pauper application on or before September 3, 2014. Plaintiff was warned that if he failed to comply with that order, the undersigned would recommend that this action be dismissed. That notice was sent to plaintiff both at the Alvar Street address and to yet another address he had listed on the complaint: 3435 Creek Grove Drive, Houston, Texas 77066.[8] The notice sent to the Alvar Street address was again returned as

---

[3] Rec. Doc. 2.

[4] See Rec. Doc. 4, p. 5.

[5] It is not clear from the record how or from whom that address was obtained. In any event, the Clerk of Court at that point unilaterally changed plaintiff's address of record on the docket sheet based on that information.

[6] Rec. Doc. 4.

[7] Rec. Doc. 5.

[8] Rec. Doc. 8; see also Rec. Doc. 1, p. 3.

2

undeliverable;[9] however, the notice to the Creek Grove Drive address has not been returned by the postal service. Nevertheless, the filing fee remains unpaid and no pauper application has been submitted.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, the Court has made repeated attempts to contact plaintiff and to have him either pay the required filing fee or submit an application to proceed *in forma pauperis*. Those efforts have meet with no success, and, despite the passage of approximately nine months since the complaint was filed, the filing fee remains unpaid and no pauper application has been submitted. Therefore, the complaint should be dismissed for failure to prosecute.

---

[9] Rec. Doc. 9.

3

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this tenth day of September, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.